UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICK CUSUMANO, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )    Case No. 4:17 CV 291 JMB |
| | ) |
| CINDY GRIFFITH, | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Rick Cusumano's ("Petitioner") "Motion to Request Pretrial, Transcripts, Trial Transcripts and Legal File" (ECF No. 29). The parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

Petitioner timely filed this habeas petition for relief pursuant to 28 U.S.C. § 2254 on January 25, 2017. (ECF No. 1) In the instant habeas petition, Petitioner raised four grounds for relief: (1) ineffective assistance of trial counsel for failing to investigate and call Detective Fourtney; (2) ineffective assistance of trial counsel for failing to object to the victim's former husband's testimony; (3) ineffective assistance of trial counsel for advising Petitioner not to testify; and (4) ineffective assistance of appellate counsel for failing to cite two Supreme Court decisions in support of his double jeopardy claim. (ECF No. 1)

Petitioner has filed a motion for an order directing the Attorney General to produce the trial transcript and legal file from his September 2018, trial[1] "so that he can prove his case and

---

[1] In February 2010, Petitioner was charged in the Circuit Court of St. Louis County with three felonies, two counts for aggravated forcible rape (Counts I and II) and one count of aggravated forcible sodomy (Count III) for a sexual assault of a woman. Petitioner appealed his convictions on Counts I and III, and the Missouri Court of Appeals affirmed. State v. Cusumano, 358 S.W.3d 137 (Mo. Ct. App. 2011). Petitioner then filed a Rule 29.15 motion for post-conviction

1

make preparation for his writ of Habeas Corpus, on prosecutorial misconduct he may need to file soon."[2] (ECF No. 29 at 2) Petitioner also asserts that he needs the trial transcript and legal file from the September 2018, trial to support "his actual innocence,[3] and substantiate his claims in his motion seeking leave to amend his pending habeas petition." (Id. at 1)

In a footnote in her Response to Order, Respondent indicates that Respondent delivered, and Petitioner admits receiving, the exhibits filed in support of her Response to Order to Show Cause (ECF No. 14). Next Respondent asserts that "[a]s to the transcripts and legal file from the

---

relief alleging ineffective assistance of counsel as to those particular convictions. The motion was denied, and Petitioner appealed. The Missouri Court of Appeals reversed the denial of Petitioner's Rule 29.15 motion in that case and granted him a new trial on Counts I and III. Cusumano v. State, 494 S.W.3d 652 (Mo. Ct. App. 2016). In the September 2018 trial, the jury found Petitioner not guilty on Counts I and III. See State v. Cusumano, Case No. 10SL-CR00041-02, available at https://www.courts.mo.gov/casenet/cases (Circuit Court of St. Louis County Sept. 24, 2018).

[2] Indigents cannot obtain transcripts merely to search for grounds for relief. Bonner v. Henderson, 517 F.2d 135 (5th Cir. 1975) (*per curiam*); Fadayiro v. United States, 30 F.Supp.2d 772, 780 (D. N.J. 1988) ("[s]ection 753(f) prevents the situation in which an indigent prisoner obtains a free transcript merely to search for error in an attempt to generate a basis for collaterally attacking a conviction.") (internal quotation omitted). "There is no statutory authority under 28 U.S.C.A. § 1915, 28 U.S.C.A. § 753, or elsewhere, allowing the expenditure of government funds as an aid to impecunious persons exploring the possibility of post conviction remedies." Prince v. United States, 312 F.2d 252, 253 (10th Cir. 1962) (*per curiam*).

[3] To the extent that Petitioner seeks to bring a freestanding claim of actual innocence, Petitioner has not shown that he is entitled to bring such a claim. The Supreme Court has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." McQuiggins v. Perkins, 569 U.S. 383, 392,133 S.Ct. 1924, 1931 (2013). "The Court has established, however, that the threshold for any such claim, if it were recognized, would be 'extraordinarily high.'" Dansby v. Hobbs, 766 F.3d 809, 817 (8th Cir. 2014) (quoting Herrera v. Collins, 506 U.S. 390, 417 (1993)). "[O]n a freestanding claim of actual innocence, it is not sufficient that a petitioner shows even that it is 'more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "The 'extraordinarily high' threshold, if recognized, would be even higher." Id. Petitioner's generic assertion that he needs the legal file and trial transcript from his September 2018, trial to support his actual innocence claim fails to satisfy this high standard.

September, 2018 trial, because Cusumano was found not guilty, the trial has not been transcribed and none of the documents are in Respondent's possession." (ECF No. 30 at 3 n.1)

"The district court has the power to order a free transcript furnished [for an indigent] if it finds that the 'suit … is not frivolous and that the transcript is needed to decide the issue presented….'" United States v. MacCollom, 426 U.S. 317, 325 (1976) (plurality opinion) (quoting 28 U.S.C. § 753(f)).  Access to the materials requested by Petitioner, including the September, 2018 trial transcript, is not needed to decide the grounds presented in the pending habeas petition before the Court.[4]  Respondent has provided Petitioner a copy of the trial transcript relevant to the issues he has raised before this Court in his habeas petition. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Rick Cusumano's "Motion to Request Pretrial, Transcripts, Trial Transcripts and Legal File" (ECF No. 29) is Denied.

/s/ ***John M. Bodenhausen***
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of May, 2019.

---

[4] Because there is no trial transcript of the September 2018, trial and Respondent indicates that Respondent does not have any of the documents Petitioner requests in her possession, the Court could not order Respondent to produce the requested documents.