UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICK CUSUMANO, | ) |
|     Petitioner, | ) ) ) |
| vs. | )   Case No. 4:17 CV 291 JMB ) |
| ANNE L. PRECYTHE,[1] | ) ) |
|     Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Rick Cusumano's ("Petitioner") "Motion to Accept Supplement to 2254 Writ of Habeas Corpus" ("motion to amend") (ECF No. 19). Petitioner moves to supplement his pro se habeas corpus petition, filed under 28 U.S.C. § 2254, seeking relief from his January 4, 2011, conviction. In response to Petitioner's motion, the State of Missouri ("State") argues that either the claims are already raised in his original habeas petition, time-barred, or without merit. The parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**I.    Background**

Petitioner is presently incarcerated at the Potosi Correctional Center pursuant to the February 10, 2011, sentence and judgment of the Circuit Court of St. Louis County. In February 2010, Petitioner was charged with three felonies, two counts for aggravated forcible rape (Counts I and II) and one count of aggravated forcible sodomy (Count III) for the August 5,

---

[1] The Court notes that the warden position is currently vacant at the Potosi Correctional Center, where Petitioner is housed. See Missouri Dep't Corr. Warden Listing, http://doc.mo.gov/DAI/Warden_Listings.pho (last visited August 30, 2019). Because Petitioner is challenging a judgment under which he is currently in custody and not one subjecting him to future custody, the Director of the Missouri Department of Corrections, Anne L. Precythe, is substituted as the proper party respondent in this action. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts, Advisory Committee Notes.

1

1998, sexual assault of a woman ("Victim"). (Legal File, ECF No. 14-3, at 13-15) Count I charged that Petitioner, acting with another, committed forcible rape and displayed a deadly weapon in a threatening manner. Count II charged that Petitioner with forcible rape by subjecting the Victim to sexual intercourse with more than one person. Count III charged Petitioner with forcible sodomy. (Id. at 15-17) On September 22, 2010, a jury found Petitioner guilty of forcible rape (Count I) and forcible sodomy (Count III)[2], both of which were lesser included offenses to the class A felonies charged in the counts, but the jury could not reach a verdict on the forcible rape by subjecting the Victim to sexual intercourse with more than one person (Count II).

The trial court reset Count II for trial on January 3, 2011. (ECF Nos. 14-1 and 14-2)

---

[2] The trial court sentenced Petitioner to two **concurrent** life terms in prison on Counts I and III. (ECF 14-3 at 60-63) On direct appeal of Counts I and III, Petitioner challenged the trial court's allowing the State to prosecute him for forcible rape in violation of his right to be free of double jeopardy and overruling his objections to the admission of Victim impact testimony during the guilt phase of the trial. The Missouri Court of Appeals affirmed Petitioner's conviction on June 14, 2013. State v. Cusumano, 358 S.W.3d 137 (Mo. Ct. App. 2011). Petitioner filed a Rule 29.15 motion for post-conviction relief. After an evidentiary hearing, the motion court denied Petitioner's Rule 29.15 motion, and Petitioner appealed. On appeal, Petitioner's primary argument was "that the motion court clearly erred in failing to find that trial counsel's unreasonable and erroneous defense strategy – which involved counsel submitting lesser included offense instructions that waived the statute of limitations bar to [his] ultimate convictions in this case, solely to support an untenable and largely unintelligible defense theory unsupported by Missouri law – constituted the ineffective assistance of counsel resulting in prejudice to [Petitioner]." On August 2, 2016, the Missouri Court of Appeals reversed the denial of post-conviction relief finding that "Petitioner has established that in light of all the facts and circumstances in this case, counsel's submission of the lesser included offense instructions was part of an unreasonable, ineffective trial strategy that fell outside the wide range of professionally competent assistance" and remanded for a new trial on Counts I and III." State v. Cusumano, 494 S.W.3d 652 (Mo. Ct. App. 2016). (ECF No. 13-10, at 1-13) In September 2018, Petitioner was retried on Counts I and III, and on September 21, 2018, the jury found Petitioner not guilty of those counts. State v. Rick Cusumano, Missouri Case.net, No. 10SL-CR00041-2 (21st Jud. Cir. Sept. 21, 2018).

At the retrial on Count II, a jury convicted Petitioner of forcible rape, and on January 4, 2011, the trial court sentenced him to life in prison, to run consecutively to the two concurrent life sentences. Petitioner received on Counts I and III at his first trial. Id. The Missouri Court of Appeals affirmed Petitioner's conviction on direct appeal on June 14, 2013. State v. Cusumano, 399 S.W.3d 909 (Mo. Ct. App. 2013) (ECF No. 14-6). Petitioner filed a motion for post-conviction relief under Rule 29.15, alleging ineffective assistance of counsel claims, and the motion court denied that motion. In his appeal from the denial of post-conviction relief, Petitioner asserted that trail counsel was ineffective by (1) failing to investigate Detective Gary Fourtney as a potential witness and by failing to call him as a witness at trial; (2) by failing to object to the Victim's ex-husband's testimony about her behavioral changes that resulted from the sexual assault; and (3) by advising Petitioner not to testify at his second trial. (ECF No.14-10) Petitioner also argued that appellate counsel was ineffective by failing to cite two Supreme Court cases in support of the argument that his conviction of forcible rape (Count II) should be set aside on double jeopardy grounds. On August 2, 2016, the Missouri Court of Appeals affirmed the judgment of the motion court denying post-conviction relief. (ECF No. 14-12)

Petitioner timely filed this petition for habeas relief pursuant to 28 U.S.C. § 2254 on January 25, 2017. (ECF No. 1) In the instant habeas petition, Petitioner raised four grounds for relief: (1) ineffective assistance of trial counsel for failing to investigate and call Detective Fourtney; (2) ineffective assistance of trial counsel for failing to object to the victim's former husband's testimony; (3) ineffective assistance of trial counsel for advising Petitioner not to testify; and (4) ineffective assistance of appellate counsel for failing to cite two Supreme Court decisions in support of his double jeopardy claim. (ECF No. 1) Petitioner did not challenge his other convictions, Counts I and III, or the state court proceedings involving those counts,

including the September 21, 2019 not guilty verdicts.

On January 2, 2019, Petitioner filed his motion to amend the petition. Petitioner moves to supplement his pro se habeas corpus petition with five grounds for relief: (1) ineffective assistance of trial counsel for failing to investigate and call Detective Fourtney; (2) his conviction for Count II should be vacated under the doctrine of collateral estoppel because he was subsequently found not guilty of Counts I and III; (3) his conviction for Count II should be vacated under Mo. Rev. Stat. § 532.430; (4) structural error in his retrial of Count II because Detective Fourtney did not testify, his counsel advised Petitioner not to testify, and trial counsel admitted Petitioner's guilt during closing argument; and (5) ineffective assistance of trial counsel by admitting Petitioner's guilt during closing argument.

## II.     Legal Standards

Federal habeas proceedings initiated by state prisoners are governed by the Rules Governing Section 2254 Cases in the United States District Courts. Habeas petitions may be amended or supplemented as provided in the rules of procedure applicable to civil actions. 28 U.S.C. § 2242; see also Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts (federal rules of civil procedure, to the extent that they are not inconsistent with any statutory provisions or rules governing habeas cases, may be applied in habeas proceedings). The decision whether to allow the amendment of a pleading is within this Court's discretion, keeping in mind the directive of Rule 15(a) that a court "should freely give leave [to amend] when justice so requires." Moore-El v. Luebbers, 446 F.3d 890, 891 (8th Cir. 2006). "The court may disallow amendment [of a pleading] for various reasons, … including 'undue delay, bad faith or dilatory motive on the part of the [petitioner], repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

4

the amendment, [or] futility of amendment.'  Foman v. Davis, 371 U.S. 178, 182 … (1962)."  Id. at 901-02 (third alteration in the original).  While "[d]elay alone is insufficient to justification for a denial of a motion to amend, … leave may be denied if [the amendment] would be futile.  Foman, 371 U.S. at 182…."  Moore-El, 446 F.3d at 902 (one citation omitted).

A habeas petitioner seeking to add claims must still comply with the applicable one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1).  Claims that are filled after the limitations period runs may still be joined if they relate back to the claims in Petitioner's original petition.  Fed.R.Civ.P. 15(c).  Claims can only relate back, however, if they arise "out of the conduct, transaction, or occurrence, set out – or attempted to set out – in the original pleading."  Id.  The Supreme Court has held that "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims."  Mayle v. Felix, 545 U.S. 644, 659 (2005).  The events pertaining to the new claims must not be "separate in both time and type" from the events pertaining to the original claims, but rather must "arise from the same core facts."  Id. at 657.

### III. Discussion

Of the grounds set forth in the motion to amend, Petitioner claims regarding Detective Fourtney (Points 1 and IV(1)) and trial counsel's advice not to testify (Point IV(2)) are not new so the statute of limitations does not bar these grounds.  The alleged facts and grounds for relief in the motion to amend as to Detective Fourtney and trial counsel's advice not to testify are substantially similar to the original petition.  Therefore, the Court will grant the motion for leave to amend and allow Petitioner to supplement these grounds.

The new grounds Petitioner seeks to include in his habeas petition are his collateral estoppel claim (Point II), his claim under Mo. Rev. Stat. § 532.430 (Point III), and his claim regarding counsel's admission of his guilt during closing argument (Points IV(3) and V).

### A. Collateral Estoppel Claim (Point II)

Petitioner asserts that his January 4, 2011, conviction for forcible rape should be vacated based on collateral estoppel. Petitioner argues that, because a jury found him not guilty of forcible rape and forcible sodomy (Counts I and III) after the September 2018 retrial, he must be acquitted of his January 4, 2011, forcible rape conviction (Count II) at issue in the petition in this habeas case. Respondent counters that this claim lacks merit. Assuming arguendo, that this claim is not procedurally barred, the claim still fails on the merits.

Petitioner was originally charged with three felonies: aggravated forcible rape while acting with another and displaying a deadly weapon in a threatening manner (Count I); aiding and abetting forcible rape (Count II); and aggravated forcible sodomy (Count III). Each count relates to an August 5, 1998, sexual assault of the Victim. As noted in footnote 2 above on September 22, 2010, a jury found Petitioner guilty of forcible rape (Count I) and forcible sodomy (Count III), both of which were lesser included offenses to the class A felonies charged in the counts, but the jury was deadlocked on Count II and as no lesser included offense instruction was given. The trial court reset Count II for trial on January 3, 2011. (ECF Nos. 14-1 and 14-2) At the retrial on Count II on January 3 and 4, 2011, a jury convicted Petitioner of forcible rape and sentenced him to life in prison. After the Missouri Court of Appeals reversed the denial of post-conviction relief, the court remanded for a new trial on Counts I and III. State v. Cusumano, 494 S.W.3d 652 (Mo. Ct. App. 2016), (ECF No. 13-10, at 1-13) In September 2018, Petitioner was retried on Counts I and III and a jury found Petitioner not guilty of those

counts. State v. Rick Cusumano, Missouri Case.net, No. 10SL-CR00041-2 (21st Jud. Cir. Sept. 21, 2018).

The principle of collateral estoppel is part of the Fifth Amendment's guarantee against double jeopardy. Ashe v. Swenson, 397 U.S. 436, 445(1970). Collateral estoppel bars successive litigation of an issue of fact or law that is actually litigated and determined by a valid and final judgment and is essential to the judgment. Bobby v. Bies, 556 U.S. 825, 834 (2009). Collateral estoppel "bars relitgaiton between the same parties of issues actually determined at a **previous** trial." Ashe, 397 U.S. at 442 ("when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit"); see also U.S. v. Dixon, 509 U.S. 688, 705 (1993) ("The collateral estoppel effect attributed to the Double Jeopardy Clause, … may bar a later prosecution for a separate offense where the Government has *lost* an earlier prosecution involving the same facts.") (internal citation omitted) (emphasis in original).

Relying on Yeager v. United States, 557 U.S. 110 (2009), Petitioner asserts that the doctrine of collateral estoppel inherent in the Double Jeopardy clause, precludes his January 4, 2011, forcible rape conviction (Count II) because he was found not guilty in a retrial of Count I (forcible rape) and Count III (forcible sodomy) in September 2018. Yeager involved a new trial after a previous jury hung on some counts and acquitted on others. The second trial is the factor that triggered double jeopardy concerns. Yeager, 557 U.S. at 115-16 (collateral estoppel "precludes the Government from relitigating any issue that was necessarily decided by a jury's acquittal in a prior trial"). Even accepting his premise, Petitioner cites no case to support the novel proposition that collateral estoppel applies in the earlier trial involving a different charge. Also misplaced is Petitioner's reliance on Ashe v. Swenson, as it involved an acquittal followed

by a second prosecution for armed robbery, again implicating the protection against double jeopardy. 397 U.S. at 443-46. Here, Petitioner's not guilty findings for Counts I and III occurred after his conviction of forcible rape (Count II) so the doctrine of collateral estoppel does not come into play.

### B. § 532.430 Claim (Point III)

Petitioner also argues that the jury's not guilty findings after the September 2018 retrial of Counts I and III require reversal of his forcible rape conviction (Count II) based on a provision of Missouri habeas corpus law, Mo. Rev. Stat. § 532.430. Respondent counters that this point presents only a state law claim, which is not a viable claim in a federal habeas proceeding. Assuming arguendo, that this claim is not procedurally barred, the claim still fails on the merits.

Federal habeas corpus relief is only viable for a person in custody in violation of the United States Constitution or in violation of federal laws or treaties. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless … [h]e is in custody in violation of the Constitution or laws or treaties of the United States"). Issues regarding the interpretation and application of state law are non-cognizable in a federal habeas petition. Shigemura v. Moore, 2007 WL 2736306, at *4 (E.D. Mo. Sept. 17, 2017).

It is manifest to the Court that Petitioner's Point III rests entirely on Missouri law, namely Mo. Rev. Stat. § 532.430. Accordingly, this Court will deny his motion to amend inasmuch as it seeks to add Point III because it does not relate to a claim for which this Court may grant relief pursuant to § 2254.

### C. Counsel's Admission of Petitioner's Guilt (Points IV(3) and V)

Petitioner argues that his trial counsel improperly admitted his guilt during closing argument at his retrial of Count II. Respondent counters that this claim should be denied because it is untimely in that it was filed on January 2, 2019, more than two years after the deadline under 28 U.S.C. § 2244(d) for the filing of a federal habeas petition by Petitioner. Respondent also argues that the claim lacks merit.

The Court does not have jurisdiction over this claim because it is time-barred. 28 U.S.C. § 2244(d)(1). See Ellis v. Bowersox, 2013 WL 1317335, at *11 (E.D. Mo. Mar. 1, 2013) ("Although this Court may consider a motion to file a supplemental pleading 'at any time,' the Court will consider the timeliness of Petitioner's supplemental habeas petition under 28 U.S.C. § 2244(d)"). The one-year statute of limitations for habeas cases runs from the latest of (A) the date on which judgment against the prisoner became final. (B) the date on which an unconstitutional state impediment to filing a petition was removed, (C) the date on which the Supreme Court first recognized the asserted constitutional right, or (D) the date on which the factual basis of the petitioner's claims could have been discovered through due diligence. Id. In the absence of any argument or information to the contrary, the Court will assume that none of these conditions occurred later than January 25, 2017, the date when Petitioner filed his original petition. Petitioner filed his pro se motion to amend his petition on January 2, 2019, more than two years later. Under any measure, Petitioner filed his motion to amend after the one-year

limitations period expired. Thus, Petitioner's claim that trial counsel was ineffective for admitting his guilt during closing argument is time-barred. Mayle, 545 U.S. at 656-57.

Although an exception applies to the statute of limitations if the factual predicate for Petitioner's new claims was not discoverable within the statute of limitations, this exception does not apply here. See 28 U.S.C. § 2244(d)(1)(D) (the one-year limitation period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). Here, the factual predicate of Petitioner's claim is counsel's alleged admission of his guilt during closing argument on January 4, 2011. This factual predicate was clearly available to Plaintiff at the time he filed his original petition on January 25, 2017. Accordingly, Petitioner always possessed the necessary facts to raise his claim that his trial counsel was ineffective for admitting his guilt since January 4, 2011.

Claims in an amended habeas petition filed after the expiration of the one-year limitations period may still be considered if they relate back to the to the claims in Petitioner's original, timely petition. Mayle, 545 U.S. at 655. An amended claim relates back to the original claims when both sets of claims arise out of the conduct, transaction, or occurrence set out in the original petition. Fed.R.Civ.P. 15(c). In order for the amended claim to related back it must be supported by facts of the same time and type as those in the original pleading. Mayle, 545 U.S. at 650. A claim does not relate back simply because it relates to the same trial, conviction, or sentence as a timely filed claim. Id. at 662. Here, Petitioner's proposed amended claim, which challenges his trial counsel allegedly admitting his guilt during closing argument, does not arise out of the same conduct or occurrence, or "common core of operative facts," that constitute the basis of any claim set forth in his original federal habeas petition. None of the pending grounds focus on trial counsel's admission of his guilt or any errors made during closing argument.

Therefore, Petitioner's proposed amended claim does not relate back to the grounds in Petitioner's pending petition and is untimely.

Notwithstanding the fact that a claim may be time barred, Petitioner might be able to amend his petition if he is entitled to equitable tolling. Petitioner does not offer any arguments regarding equitable tolling. The Eighth Circuit has consistently held that "pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceeding" do not constitute extraordinary circumstances justifying equitable tolling. Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (citations omitted); see also Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"). But regardless, Petitioner can hardly be said to have diligently pursued his rights, and no extraordinary circumstances stood in his way – "petitioner's lack of diligence precludes equity's operation." Pace v. DiGuglielmo, 544 U.S. 408, 419 (2005). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

Petitioner's Points IV(3) and V, therefore, were filed outside the statute of limitations. See 28 U.S.C. § 2244(d)(1); Cross-Bey v. Gammon, 322 F.3d 1012 (8th Cir. 2003).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's "Motion to Accept Supplement to 2254 Writ of Habeas Corpus" (ECF No. 19) is Granted as to Petitioner's claims regarding Detective Fourtney (Points 1 and IV(1)) and trial counsel's advising him not to testify (Point IV(2)) and Denied as to his other proposed claims for habeas corpus relief (Points II, III, IV(3), and V).

**IT IS FURTHER ORDERED** that by the Court granting Petitioner's motion to amend in part, the Court is not finding that Petitioner claims for habeas relief are timely that they have not been procedurally defaulted, or that they are meritorious; the Court has merely granted Petitioner's leave to amend.

/s/ ***John M. Bodenhausen***
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of September, 2019.