UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RICK CUSUMANO, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:17 CV 291 JMB |
| CINDY GRIFFITH, | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Rick Cusumano's ("Petitioner") "Motion for Reconsideration in Supplying Petitioner with Trial Transcript of Detective Fourtney's Testimony in September, 2018 Trial as Evidence for Supplement to Habeas Corpus Claims" (ECF No. 43). Petitioner requests that this Court order a court reporter to provide the transcript of Detective Fourtney's testimony from Petitioner's September 2018 retrial. Petitioner asserts that he is entitled to a free copy of the trial transcript as an indigent person. In the alternative, Petitioner requests additional time to acquire the $203.00 to pay for the transcript of Detective Fourtney's testimony. Respondent has not filed a response and the time to do so has passed. The parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

Petitioner timely filed this habeas petition for relief pursuant to 28 U.S.C. § 2254 on January 25, 2017. (ECF No. 1) In the instant habeas petition, Petitioner raised four grounds for relief: (1) ineffective assistance of trial counsel for failing to investigate and call Detective Fourtney; (2) ineffective assistance of trial counsel for failing to object to the victim's former husband's testimony; (3) ineffective assistance of trial counsel for advising Petitioner not to testify; and (4) ineffective assistance of appellate counsel for failing to cite two Supreme Court

decisions in support of his double jeopardy claim. (ECF No. 1)

As noted above, Petitioner seeks a court order directing the court reporter to produce the September 2018 trial transcript of Detective Fourtney's testimony. It is useful to briefly recap the procedural history of Petitioner's case to understand the Court's resolution of this motion.

In February 2010, Petitioner was charged in the Circuit Court of St. Louis County with three felonies—two counts for aggravated forcible rape (Counts I and II) and one count of aggravated forcible sodomy (Count III) for a sexual assault of a woman. Petitioner was eventually convicted on all counts, he appealed his convictions, and the Missouri Court of Appeals affirmed. See State v. Cusumano, 358 S.W.3d 137 (Mo. Ct. App. 2011). After losing his direct appeal, Petitioner filed a Rule 29.15 motion for post-conviction relief, alleging, in part, ineffective assistance of counsel as to Counts I and III. His Rule 29.15 motion was initially denied, but the Missouri Court of Appeals reversed that denial and granted Petitioner a new trial on Counts I and III. See Cusumano v. State, 494 S.W.3d 652 (Mo. Ct. App. 2016). In September 2018, Petitioner was retried on Counts I and III and found not guilty. See State v. Cusumano, Case No. 10SL-CR00041-02, available at https://www.courts.mo.gov/casenet/cases (Circuit Court of St. Louis County Sept. 24, 2018).

Respondent has previously noted that the September 2018 retrial of Counts I and III was not transcribed because Petitioner was found not guilty and the state court record shows no trial transcript was filed in that case. Id.

While it is well-established that "the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal," Britt v. North Carolina, 404 U.S. 226, 227 (1971), it is unclear whether Petitioner has a constitutional right to free transcripts for the purpose of preparing a state collateral attack. See

Wade v. Wilson, 396 U.S. 282, 286 (1970) (declining to decide whether the "Constitution requires a State furnish an indigent state prisoner free cost a trial transcript to aid him to prepare a petition for collateral relief").  Assuming he has such a right, Petitioner must show that the transcript is needed.  See Chavez v. Sigler, 438 F.2d 890, 894 (8th Cir. 1981) (requiring petitioner to show "a reasonably compelling need for the specific documentary evidence which he requests").  Furthermore, "[a] district court has the power to order a free transcript furnished [for an indigent] if it finds that the 'suit … is not frivolous and that the transcript is needed to decide the issue presented….'"  United States v. MacCollom, 426 U.S. 317, 325 (1976) (plurality opinion) (quoting 28 U.S.C. § 753(f)).

The undersigned finds that Petitioner has set forth specific allegations concerning Detective Fourtney's testimony impeaching the complaining witness's testimony, from which the Court could conclude that the September 2018 trial transcript is needed to decide the grounds presented in the pending habeas petition before this Court.  (ECF No. 19)  Furthermore, Respondent has elected not to respond to Petitioner's motion.  Although Respondent has already provided Petitioner a copy of the January 3, 2011, trial transcript, the undersigned finds that Petitioner should be given a copy of the requested portions of the September 2018, trial transcript as relevant to the issues he has raised before this Court in his pending habeas petition.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Rick Cusumano's "Motion for Reconsideration in Supplying Petitioner with Trial Transcript of Detective Fourtney's Testimony in September, 2018 Trial as Evidence for Supplement to Habeas Corpus Claims" (ECF No. 43) is GRANTED.

**IT IS FURTHER ORDERED** that no later than October 23, 2019, Respondent shall order from Francis Lunatto, CCR, St. Louis County Courts Building, Judicial Administration, Third Floor, Attention: Francis Lunatto, CCR, Clayton, Mo., 63105, a transcript of Detective Gary Fourtney's testimony from the September 2018, trial.

**IT IS FURTHER ORDERED** that, upon receipt of the transcript of Detective Fourtney's testimony from the September 2018 trial, Respondent shall promptly provide a copy to Petitioner and to the Court.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of October, 2019.